IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

U.S. BANK NATIONAL ASSOCIATION,

    Plaintiff,

vs.                             No. 17-2490-JTF-dkv

MAURICE TYREE,

    Defendant.

---

REPORT AND RECOMMENDATION FOR DISMISSAL AND REMAND TO THE
GENERAL SESSIONS COURT OF SHELBY COUNTY, TENNESSEE

---

    U.S. Bank filed a detainer action in the Shelby County Court of General Sessions against Kenya Tyree, Maurice Tyree, and all other occupants of the property located at 10025 Point Cove, Lakeland, TN 38002 (collectively "the Defendants"), for possession of the property. (Detainer Warrant, ECF No. 1-1.) Maurice Tyree was served on July 3, 2017. (*Id.*) A hearing was scheduled for July 14, 2017. (*Id.*) On July 13, 2017, Maurice Tyree filed a Notice of Removal of the case *U.S. Bank National Ass'n v. Tyree*, Detainer Warrant No. 1867967, from the Shelby County Court of General Sessions to the United States District Court for the Western District of Tennessee.[1] (ECF No. 1.) The Notice of Removal was only signed by Maurice Tyree. (*Id.* at 2.)

---

[1]Maurice Tyree styled this as a "Notice of Transfer." (ECF No. 1.)

Maurice Tyree based removal on 28 U.S.C. § 1331, 28 U.S.C. § 1441(d),[2] and 15 U.S.C. § 1692. (*Id.* at 1.)

Before the court is U.S. Bank's July 14, 2017 Motion to Remand, seeking to remand the case to the Circuit Court of Shelby County, Tennessee.[3] (Mot. to Remand, ECF No. 6.) In its Motion to Remand, U.S. Bank argues that the United States District Court for the Western District of Tennessee does not have jurisdiction. (*Id.*) According to U.S. Bank, even if Maurice Tyree alleges the Fair Debt Collection Practices Act ("FDCPA") as a defense, the well-pleaded complaint rule nonetheless indicates that federal jurisdiction is inappropriate. (*Id.* at 4-5.) In the alternative, U.S. Bank argues that abstention from exercising federal jurisdiction is proper in state proceedings such as this. (*Id.* at 5-6.)

This motion has been referred to the United States Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A), (ECF No. 9), which allows "a magistrate judge to hear and determine any pretrial matter pending before the court, except [various dispositive motions]." While motion to remand is not specifically listed, the Sixth Circuit has interpreted 28

---

[2]28 U.S.C. § 1441(d) involves actions brought against foreign states, which is not relevant here.

[3]Maurice Tyree removed this case from the Shelby County Court of General Sessions, (*see* Detainer Warrant, ECF No. 1-1), so the court can only remand back to the General Sessions Court.

U.S.C. § 636(b)(1)(A) to prohibit magistrate judges from issuing dispositive orders, including orders to remand. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001)("Because he was not authorized to enter a dispositive remand order, the magistrate judge's April 1999 remand order . . . was not a valid order. The opinion accompanying the magistrate judge's April 1999 order should be treated as 'proposed findings and recommendations.'" (citation omitted)). Therefore, the United States Magistrate Judge in this case submits a report and recommendation.

On July 20, 2017, Maurice Tyree filed a document entitled "Notice to All Debtors and Debt Collectors." (ECF No. 7.) In this difficult-to-decipher Notice, Maurice Tyree appears to allege violations of the FDCPA with regard to the collection process undertaken by U.S. Bank to collect a debt Maurice Tyree owed. (*See id.*) On August 9, 2017, Maurice Tyree filed a document entitled "Removal/Transfer of Action Pursuant to 28 U.S. Code § 1404," which contains the same information as his first Notice of Removal. (ECF No. 8.)

For the reasons that follow, it is recommended that this case be dismissed for lack of subject-matter jurisdiction and remanded to the General Sessions Court of Shelby County, Tennessee, pursuant to 28 U.S.C. § 1447.

I.   PROPOSED CONCLUSION OF LAW

## A. Subject-Matter Jurisdiction

The court must first determine whether it has subject-matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

### 1. *Federal-Question Jurisdiction*

In the Notice of Removal, Maurice Tyree bases removal upon federal-question, 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. § 1692. (Notice of Removal, ECF No. 1.) A federal district court has federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004)(internal quotation marks omitted). "[T]he principle governing removal is this: the right or immunity created by the Constitution, a treaty, or other federal law that is claimed to provide the basis for bringing the state court case into the federal system by way of removal be an essential element of the plaintiff's properly pleaded claim for relief." 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722, at 159 (4th ed. 2009).

> In determining whether a claim arises under federal law, we look only to the well-pleaded allegations of the complaint and ignore potential defenses that the defendant may raise. Even defenses that rely on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute, or that are anticipated in the plaintiff's complaint are irrelevant, as they do not form part of a plaintiff's properly pleaded statement of his or her claim. Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look

> past the words of a complaint to determine whether the
> allegations, no matter how the plaintiff casts them,
> ultimately involve a federal question.  In addition to
> causes of action expressly created by federal law,
> federal-question removal thus also reaches ostensible
> state-law claims that (1) necessarily depend on a
> substantial and disputed federal issue, (2) are
> completely preempted by federal law or (3) are truly
> federal-law claims in disguise.

*Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474-75 (6th Cir. 2008)(internal quotation marks, alterations, & citations omitted).

The complaint in this case does not present a federal question.  There is no cause of action alleged in the complaint which is expressly created by federal law, or a state-law claim that necessarily depends on a federal issue, is preempted by federal law, or is a federal-law claim in disguise.  U.S. Bank's detainer action arose under state law, *see* Tennessee Code Annotated § 29-18-101 *et seq.*, and therefore, the matter was properly before the state court.

In his Notice of Removal, Maurice Tyree also cites to 15 U.S.C. § 1692, which is a provision within the FDCPA, as a basis for removal.  (Notice of Removal, ECF No. 1.)  In his "Notice to All Debtors and Debt Collectors," Maurice Tyree asserts that U.S. Bank and its attorneys violated various provisions of the FDCPA.  (*See* ECF No. 7.)[4]  Assuming that Maurice Tyree is

---

[4]In 2012, Maurice Tyree filed a complaint in the Western District of Tennessee asserting FDCPA violations regarding the

attempting to raise the FDCPA violations as a defense to the detainer action, it cannot serve as a basis for federal-question jurisdiction because federal-question jurisdiction is determined from the well-pleaded allegations of the complaint and cannot be based on a potential defense. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Ohio ex rel. Skaggs*, 549 F.3d at 474.

Even if the court construes Maurice Tyree's FDCPA claim as a counterclaim, the court does not have subject-matter jurisdiction. The law is clear that federal-question jurisdiction over a removed action cannot be based on a counterclaim.

> [T]he federal contention or right that provides the predicate for removal must not be asserted as part of an issue that is merely collateral or incidental to a claim that is based primarily in state law, nor can the federal issue appear for the first time in the defendant's answer, by way of defense. Neither is it sufficient for the federal issue to enter the case through a counterclaim asserted by the defendant.

---

same property at 10025 Point Cove, Lakeland, TN 38002. Compl., Tyree v. Greenpoint Mortg., Case No. 2:12-cv-02164-STA-dkv (W.D. Tenn. Feb. 28, 2012), ECF No. 1. The court dismissed the case for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). Order of Dismissal, *Tyree*, Case No. 2:12-cv-02164-STA-dkv, ECF No. 30. Moreover, in another case removed to federal court, Maurice Tyree again made similar FDCPA claims in his amended complaint regarding the same property. *See* Am. Compl., Tyree v. Ocwen Loan Servicing, Case No. 2:14-cv-02114-STA-dkv (W.D. Tenn. June 24, 2014), ECF No. 30. The court dismissed this case on Ocwen's motion for summary judgment. Order Granting Defs.' Mot. Summ. J., *Tyree*, Case No. 2:14-cv-02114-STA-dkv, ECF No. 101.

14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722, at 194-212 (4th ed. 2009); *see also Vaden*, 556 U.S. at 62 ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002)(stating that a counterclaim cannot serve as a basis for a district court's jurisdiction under 28 U.S.C. § 1331). Therefore, for the reasons discussed herein, this court does not have subject-matter jurisdiction based on a federal question.

 2. *Diversity Jurisdiction*

 The court also lacks diversity jurisdiction in this case. "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007)(citations omitted)); *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009)(finding lack of diversity jurisdiction because the complaint and notice of removal did not adequately establish the citizenship of the parties); *Ellis v. Kaye-Kibbey*, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008)(dismissing complaint for failure to adequately allege facts establishing diversity of citizenship, despite conclusory

allegation that diversity exists); *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)("To establish diversity jurisdiction, one must plead the citizenship of . . . individual parties.").

Maurice Tyree does not argue that the court has diversity jurisdiction over this case, nor does he plead the citizenship of the parties or the amount in controversy. No other documents filed with the district court indicate the citizenship of the parties or the amount in controversy. Thus, Maurice Tyree has not met his burden of pleading diversity jurisdiction, and the court does not have diversity jurisdiction over this case.

In sum, the court does not have subject-matter jurisdiction over the detainer action filed by U.S. Bank against the Defendants. The detainer action was brought pursuant to Tennessee law, and U.S. Bank's claim does not include any federal causes of action. Any defenses supplied by federal law should be asserted before the General Sessions Court of Shelby County, Tennessee.

B.  Improper Removal

Removal here is also improper because the Notice of Removal is only signed by Maurice Tyree. (Notice of Removal 2, ECF No. 1.) According to 28 U.S.C. § 1446(b)(2)(A), "all defendants . . . must join in or consent to the removal of the action." *See also Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir.

2016)("In cases with multiple defendants, the 'rule of unanimity' requires that each defendant consent to removal." (citing 28 U.S.C. § 1446(b)(2)(A))). Here, there is no indication that Kenya Tyree or the other occupants of 10025 Point Cove, Lakeland, TN 38002, joined in or consented to the removal of the action to this court. Further, to the extent that Maurice Tyree purports to represent the interest of the other defendants, Maurice Tyree may proceed *pro se* only on his own claims and may not appear on behalf of the other defendants. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)(stating that litigants cannot appear *pro se* when interests other than their own are at stake).

For this reason, removal to this court is procedurally improper.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that U.S. Bank's Motion to Remand be granted and this case be dismissed for lack of subject-matter jurisdiction and remanded to the General Sessions Court of Shelby County, Tennessee, pursuant to 28 U.S.C. § 1447.

Respectfully submitted this 25th day of September, 2017.


s/ Diane K. Vescovo_____
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.