**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **U. S. BANK NAT'L ASS'N,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:17-cv-02490-JTF-dkv** |
| | ) | |
| **MAURICE TYREE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION FOR DISMISSAL AND REMAND TO THE GENERAL
SESSIONS COURT OF SHELBY COUNTY, TENNESSEE**

Before the Court is Plaintiff U.S. Bank National Association's Motion to Remand filed on July 14, 2017. (ECF No. 6.) In accordance with the Order of Reference entered on September 7, 2017, the motion was assigned to the Chief Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 9.) On September 25, 2017, the Magistrate Judge issued a Report and Recommendation suggesting that the Court grant Plaintiff's Motion to Remand as well as dismiss this case for lack of subject-matter jurisdiction and remand it to the General Sessions Court of Shelby County, Tennessee, pursuant to 28 U.S.C. § 1447. (ECF No. 10.) On October 6, 2017, Defendant Maurice Tyree filed his Objections to the Report and Recommendation. (ECF No. 12.) Upon *de novo* review, the Court adopts the Chief Magistrate Judge's Report and Recommendation to dismiss this case and remand it to the General Sessions Court of Shelby County, Tennessee.

# I.  FINDINGS OF FACT

In her Report and Recommendation, the Chief Magistrate Judge provided a summary of the facts of this case.  In essence, Plaintiff U.S. Bank filed a detainer action in Shelby County General Sessions Court against Kenya Tyree, Maurice Tyree ("Defendant"), and all other occupants of the property located at 10025 Point Cove, Lakeland, TN 38002, for possession of the property.  (ECF No. 1-1.)  Service was accomplished, and a hearing was scheduled for July 14, 2017.  (*Id.*)  Maurice Tyree timely filed a Notice of Removal to have the case removed to the United States District Court for the Western District of Tennessee.  The Notice of Removal was signed only by Maurice Tyree, who based his argument for removal on 28 U.S.C. § 1331, 28 U.S.C. § 1441(d), and 15 U.S.C. § 1692.  (ECF No. 1.)  On July 14, 2017, Plaintiff U.S. Bank filed its Motion to Remand the matter to the Circuit Court of Shelby County, Tennessee.  (ECF No. 6.)  Almost a month later, on August 9, 2017, Defendant Maurice Tyree filed a *pro se* Motion for Removal/Transfer of Action Pursuant to 28 U.S.C. § 1404.  (ECF No. 8.)  The Motion to Remand was referred to the Chief Magistrate Judge by an order on September 7, 2017, (ECF No. 9.), and on September 25, 2017, the Chief Magistrate Judge issued a Report and Recommendation to dismiss and remand the case.  (ECF No. 10.)  On October 6, 2017, Defendant Maurice Tyree filed his Objection to the Report and Recommendation.  (ECF No. 12.)

# II.  LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates."  *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may "hear and determine any pretrial matter pending before the [C]ourt, except [various dispositive motions]."  28 U.S.C. § 636(b)(1)(A).  Upon hearing a pending matter, "the magistrate judge

must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 Fed. App'x. 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). "After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge." *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

### III.    ANALYSIS

The Chief Magistrate Judge recommends that the Court grant U.S. Bank's Motion to Remand, dismiss this case for lack of subject-matter jurisdiction, and remand the matter to the General Sessions Court of Shelby County, Tennessee, pursuant to 28 U.S.C. § 1447. (ECF No. 10 at 10.) The recommendation is based on two conclusions: (1) that federal subject-matter jurisdiction is lacking because Defendant failed to allege a federal question or the presence of

diversity jurisdiction; and (2) that removal is improper because the Notice of Removal is not signed by all defendants, and thus lacks each defendant's consent to removal, as required by the 'Rule of Unanimity'.  (ECF No. 10 at 6–10.)

In concluding federal-question jurisdiction is lacking, the Chief Magistrate Judge found that Defendant's Complaint alleges neither a cause of action expressly created by federal law nor a state law claim that necessarily depends on a federal issue, is preempted by federal law, or is a federal-law claim in disguise.  (*Id.* at 6.)  The Magistrate further noted that "U.S. Bank's detainer action arose under state law, *see* Tenn. Code Ann. § 29-18-101 *et seq.*," and that to the extent Defendant uses the alleged FDCPA violations in his Notice of Removal as a defense or a counterclaim to the detainer action, such cannot not serve as a basis for federal-question jurisdiction since a potential defense cannot satisfy the "well-pleaded complaint rule" and counterclaims do not qualify a case for federal-court cognizance.  (ECF No. 10 at 6–8.) Additionally, the Chief Magistrate Judge concluded that diversity jurisdiction is lacking in the present matter because Defendant failed to meet his burden of pleading such when he did not "argue that the court ha[d] diversity jurisdiction, [he did not] plead the citizenship of the parties or the amount in controversy[,]" and "no other documents filed with the district court indicate the citizenship of the parties or the amount in controversy."  (ECF No. 10 at 8–9.)

This Court agrees with the Chief Magistrate Judge's conclusion that federal subject-matter jurisdiction is lacking in the present matter.  Federal-question jurisdiction requires that "the alleged claim actually arise[] under the Constitution or federal statutes and is not made solely for the purpose of obtaining jurisdiction," *Pegross v. Oakland Cty. Treasurer*, 592 F. App'x. 380, 380–81 (6th Cir. 2014), while Diversity Jurisdiction requires "complete diversity of the parties [based on state citizenship] and an amount in controversy exceeding $75,000." *Naji*

*v. Lincoln*, 665 F. App'x. 397, 400 (6th Cir. 2016).  Here, Defendant's alleged claims do not arise under the Constitution or federal statutes, and nothing in the record provides the citizenship of the parties, the amount in controversy, or any other factual support for concluding diversity jurisdiction exists.  Thus, dismissal for lack of federal subject-matter jurisdiction is proper.

In his Objection to the Report and Recommendation, Maurice Tyree lodges a number of objections, one of which is relevant to the Chief Magistrate Judge's recommendation of dismissal on jurisdictional grounds and, accordingly, addressed below.

Defendant contends that the Chief Magistrate Judge erred in concluding that the Court lacked subject-matter jurisdiction over this case.  In making this argument, Defendant appears to rely on 15 U.S.C. § 1692(i) for the proposition that, to enforce an interest in real property securing a consumer's obligation, as is attempted here, an action must be brought in a "judicial district" or "similar legal entity" in which such real property is located.  (ECF No. 12 at 4.) Defendant submits that a general sessions court or lower tribunal is not a 'judicial' district as intended by the provision.  (*Id.*)  Thus, according to Defendant Tyree, the Chief Magistrate Judge's recommendation to remand the matter to the General Sessions Court of Shelby County, Tennessee, is improper.  (*Id.*)  This contention, however, is incorrect.

A general sessions court is a "judicial district" or "similar legal entity" as intended by Title 15 U.S.C. § 1692(i).  Section 1692(i) deals with the venue in which a debt collector may sue a debtor.  15 U.S.C. § 1692(i); *see also Franklyn v. Fannie Mae*, No. 14-cv-10943, 2015 U.S. Dist. LEXIS 718, at *19 (E.D. Mich. Jan. 6, 2015).  It provides: "Any debt collector who brings any legal action on a debt against any consumer shall—(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located."  *Franklyn*, 2015

U.S. Dist. LEXIS 718, at *19. The property at issue here is a Shelby County residence located at 10025 Point Cove, Lakeland, TN 38002. (ECF No. 1-1.) Thus, any debt collector attempting to collect a debt against any consumer on the property must do so in Shelby County, Tennessee. Additionally, as noted by the Sixth Circuit, "Tennessee general sessions courts . . . are akin to small claims courts" and have limited jurisdiction over eviction actions. *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 Fed. App'x. 45, 50 (6th Cir. 2016). Accordingly, the Chief Magistrate Judge properly recommended the case be dismissed and remanded to the General Sessions Court of Shelby County Tennessee because that court is a "judicial district" or "similar legal entity" with subject-matter jurisdiction over the dispute.

Finally, as the Chief Magistrate Judge recommends, this Court concludes that removal is improper under the circumstances because Defendant Maurice Tyree removed this case to Federal District Court without demonstrating on the record consent by the other Defendants in the general sessions action. "[A]ll defendants . . . must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In the present matter, there is more than one Defendant, but Marurice Tyree, alone, executed the Notice of Removal. Thus, removal in this case is defective.

## IV.    CONCLUSION

Upon *de novo* review of the Magistrate's Report and Recommendation and Defendant's Objection thereto, including his Motion for Removal, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety and **OVERRULES** all objections.

**IT IS SO ORDERED** on this 17th day of October 2017.


<u>***s/John T. Fowlkes, Jr.***</u>
John T. Fowlkes, Jr.
United States District Judge